IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,          ) | |
| )  | |
| Plaintiff,          ) | |
| ) | SENTENCING MEMORANDUM |
| -v-          ) | |
| ) | Criminal Nos. 1:18-cr-00038-8 |
| Demetrious Washington, Jr.,          ) | |
| ) | |
| Defendant.          ) | |

Defendant, Demetrious Washington, Jr. ("Washington"), by and through his attorney, Brian P. Toay, hereby submits this brief in support of the upcoming sentencing hearing currently scheduled for November 26, 2019.

### Relevant Facts

Demetrious is charged with and has pled guilty to Conspiracy to Distribute Oxycodone. According to the Pre-Sentence Investigation Report, the guideline sentence for this crime is 57-71 months.

### Argument

The Court must determine a fair and appropriate sentence for Washington. This determination must consider all of the factors set forth in 18 U.S.C. § 3553(a), as well as all available variances allowed under the United States Sentencing Commission.

**I.    The Court should consider a downward departure from the guideline range based upon consideration of the factors set forth in 18 U.S.C. § 3553(a).**

In every sentencing, the Court should consider those factors set forth in 18 U.S.C. § 3553(a). Those factors, and how they apply to Washington, are as follows:

1. **The nature and circumstances of the offense and the history and characteristics of the defendant.**

Washington was nineteen (19) years old when he was asked to transport narcotics from Detroit, Michigan to New Town, North Dakota. At that time, fall of 2017, Washington was homeless and trying to provide for his three children, his girlfriend, and his girlfriend's two children. Washington and his family were living out of an automobile during that time with Washington perform day labor. At that time, Washington was approached by an acquaintance to make fast money transporting narcotics from Michigan to North Dakota. In total, Washington made six (6) trips to North Dakota transporting narcotics for this acquaintance.

Prior to this case, Washington had no involvement in the criminal justice system. This case was the first time Washington had ever been arrested or spent any time in jail. Washington did well in school and was a football star at his high school. However, Washington had to drop out of high school to financially support his family; a task which he was unable to adequately perform. This caused him significant financial and personal stress leading to his poor decision to engage in conduct resulting in this case.

Washington does have strong family support from his mother and his Uncle; both of whom are willing to help Washington gain financial stability after he is released from prison.

2. **The need for the sentence imposed.**

There are several factors the Court should consider when determining the "need" for this sentence. The Court should consider how much time is necessary to achieve the goals established in this subsection. It is hard, if not impossible, to quantify how much time is required to deter and/or punish conduct of an individual.

Washington was arrested for this offense in February 2018 and held on State Court charges until his indictment in June 2018. At that time he was released pending trial. This Court

should take into consideration that the Bureau of Prisons will not give Washington credit for the four (4) months served in State custody prior to his indictment.

On January 30, 2019, Washington's pretrial release was revoked and he has remained in custody since that date. Therefore, Washington should have served approximately 14 months in custody on the date of his sentencing.

3. **The kinds of sentences available.**

A prison sentence is required by law; subject to all aspects of the United States Sentencing Guidelines and the First Step Act.

4. **The kinds of sentence and the sentencing range established.**

The PSR lists the guideline range as 57-71 months.

The guidelines are advisory and not mandatory. This Court should grant Washington a 4-month reduction for time served in State custody.

5. **Any pertinent policy statement.**

The undersigned is not aware of any policy statement that would impact Washington's sentence.

6. **The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

Most of the co-defendants in this case have not been sentenced. Of those who have been sentenced, a majority have received a sentence of time served. The only person to receive a prison sentence was Justin Price, who received a sentence of 78 months. Mr. Price has a previous conviction for a federal drug conspiracy and is no similarly situated to Washington.

7. **The need to provide restitution to any victims of the offense.**

This factor does not apply in this case.

**CONCLUSION**

Washington and his family were in a dire financial situation when Washington made the wrong decision to get involved in this case.  At that time, Washington was a young, naïve 19-year-old with no prior criminal history.  This Court should consider the age and immaturity of young Demetrious Washington, Jr. and sentence him to 36 months imprisonment.  This is more than enough time to punish him for his crime and allow for some programming to occur prior to his release.

RESPECTFULLY SUBMITTED

Dated this 19th day of November, 2019

/s/ *Brian P. Toay*
Brian P. Toay
Attorney for Defendant
**Wold Johnson, P.C.**
P.O. Box 1680
Fargo, ND 58102
(701) 235-5515